United States District Court
Southern District of Texas
**ENTERED**
January 27, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| TRANG VAN NGUYEN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00005 |
| | § | |
| MR. GIAC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

This case has been on file since January 13, 2025. *See* Dkt. 1. Since filing this case, Plaintiff has failed to comply with his discovery obligations. Defendant brought Plaintiff's failure to participate in the discovery process to my attention in a November 4, 2025 discovery letter. *See* Dkt. 20. On November 7, 2025, I held an oral hearing to address this issue. At that hearing, I "ordered that full and complete discovery responses and documents be produced by Plaintiff no later than 11/26/2025." Dkt. 23. I warned, in no uncertain terms: "**Failure to follow this order will result in severe sanctions**." *Id.* (emphasis added).

Plaintiff did not comply with my order. No discovery responses or documents have been produced. On November 26, 2025, Plaintiff's counsel informed me that he "has made attempts to reach Plaintiff for months, since August 2025," but "has been unable to reach Plaintiff to discuss this case and the outstanding discovery matters." Dkt. 24 at 1. After reading Plaintiff's counsel's statement, I issued an order requiring Plaintiff to attend a January 23, 2026 oral hearing on Zoom. In that order, I stated:

> **PLAINTIFF'S FAILURE TO APPEAR TO THE JANUARY 23, 2026 HEARING—OR TO COMMUNICATE WITH THE COURT IN ADVANCE OF THE HEARING IF PLAINTIFF NEEDS TO RESCHEDULE—WILL RESULT IN**

**DISMISSAL OF THIS CASE WITH PREJUDICE FOR WANT OF PROSECUTION.**

Dkt. 30 at 2.

To ensure Plaintiff appeared at the January 23, 2026 hearing, I ordered Plaintiff's counsel to mail a copy of my order setting the hearing to Plaintiff's last known address by United States Postal Service first-class mail and certified mail with return receipt requested. *See id.* at 3. I also ordered Plaintiff's counsel to email, call, text, and use any other form of communication that Plaintiff's counsel has for Plaintiff to communicate the importance of Plaintiff's attendance at the January 23, 2026 hearing. *See id.* The Court Clerk also mailed a copy of my order to Plaintiff at the last known address provided by Plaintiff's counsel.

Despite these efforts, Plaintiff did not appear at the January 23, 2026 hearing. At that hearing, Plaintiff's counsel confirmed that he had reached out to Plaintiff on numerous occasions through various means but had not received a response in more than six months.[1] As an extra precaution, I called the last known phone number for Plaintiff during the hearing but could only leave a voicemail.

The Fifth Circuit has repeatedly held that a "district court act[s] well within the bounds of its discretion when it dismisse[s] for want of prosecution" for failure to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998). "Most of the cases affirming dismissals with prejudice have involved the presence of one or more of three aggravating factors: (1) delay attributable directly to the plaintiff, rather than his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional conduct." *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (cleaned up). All three "aggravating factors" that merit dismissal with prejudice are present here. *Id.*

First, the delay in this case, which has been on file for nearly a year, is "attributable directly to the plaintiff, rather than his attorney," because Plaintiff

---

[1] At the January 23, 2026, hearing, I granted the request of Plaintiff's counsel, Adam J. Flood and Nava Law Group, to withdraw as attorneys for Plaintiff. *See* Dkt. 34.

has ceased communicating with his attorney. *Id.* Second, there is "actual prejudice to the defendant" who has faced the threat of litigation for nearly a year, expending time and resources participating in the discovery process without reciprocation by Plaintiff. *Id.* Third, the delay in this case was "caused by intentional conduct" because Plaintiff has not communicated with his counsel in more than six months. It is incumbent on a litigant to keep his lawyer informed of his whereabouts and respond to inquiries from counsel. Plaintiff has not done so. Plaintiff's failure to communicate with his counsel or otherwise prosecute this case is unacceptable. Accordingly, I recommend that this case be dismissed for want of prosecution.

Defendant Giac Dinh has filed a Motion to Dismiss/Strike Pleadings and For Sanctions For Plaintiff's Failure to Comply With Discovery Order. Dkt. 27. Because I recommend that this case be dismissed for want of prosecution, I recommend that Dinh's motion be denied as moot.

## CONCLUSION

For the reasons stated above, I recommend that this case be dismissed for want of prosecution.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 27th day of January 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE